2:23-cv-00105-JPH-MG

# UNITED STATES DISTRICT COURT
## CIVIL COMPLAINT
## INDIANAPOLIS DIVISION

Derek Boyd — Plaintiff,

V.  ) No. 1:23-cv-

City of Anderson: et. al., Defendant's.

FILED

03/08/2023

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

"Johnson V. Winstead, 900 F-3d 428," governing 5th Amendment Statute of Limitation

# CIVIL COMPLAINT

## I. JURISDICTION AND VENUE
## INDIANAPOLIS DIVISION

1) This action is authorized by U.S.C § Section 1983 to redress deprivation, under Color of State Law, of Rights protected by the U.S. Constitution. The Court has Jurisdiction Under 28 U.S.C Section 1331 and 1343 (4)(3). Plaintiff seek's Declaratory relief pursuant to U.S.C Section 2201 and 2202. Injunctive Relief maybe requested to release Exculpatory evidence also. Federal Courts requested to extend Jurisdiction over State Law Claim's pursuant to U.S.C 1367 (a).

2) The Federal Court in the Southern District of Indiana, Indianapolis Division, is an appropriate Venue Under U.S.C Section 1391(b)(2), because it is where the events giving rise to Claims occurred.

## INTRODUCTION

Plaintiff seeks relief for injuries sustained as a illegally Convicted Prisoner in 48C03-1709-F4-2348. Post-Conviction Relief in 48C06-1907-PC-37 did Vacate the illegally obtained "Guilty Plea," which was illegally entered by the Honorable Judge Thomas Newman as detailed in Exhibit-A.

The 3-7-2023 Vacatur of the sentence exhausted State Court remedies to pursue relief on damage, loss, and injuries sustained while illegally convicted. There will be an additional lawsuit filed for the illegal search and seizure 9-18-17, the days wrongfully incarcerated, upon conclusion of 48C06-1709-F4-2348. There will NOT be any Plea of Guilty entered in this case. 48C06-1709-F4-2348

Even if found Guilty by Jury, with a Plea now of NOT GUILTY entered, the reputational damages, and injuries, and loss, suffered while illegally detained as a Convicted Prisoner who was not properly advised of Constitutional Right in 2018, Boykin v. Alabama, 395 U.S. 238 (1969), or more specifically the privilege against Self-incrimination, need litigated seperate from an illegal search on 9-18-17, and actual day's accrued incarcerated, if, or WHEN, this Futile case 48C06-1709-F4-2348 is resolved. Those claim's aren't yet fully exhausted.

The injury caused in Courtroom 3 by Judge Thomas Newman and what resulted from the illegally entered Plea, is wholly seperate from the 9-18-17 illegal search, withholding the Warrant, not releasing the Court Ordered Exculpatory evidence ordered 10-26-17, then Coercing an illegal Plea under threat of Changing the Charges if Plaintiff didnt Plead Guilty to Charges he is innocent of and maintained his innocence the entire time. This lawsuit needs filed seperately when Plaintiff beats what's now 48C06-1709-F4-2348 case.

Those complicated legal theories and legal conclusion's are not necessary here. The Vacatur of the illegal conviction from case 48C03-1709-FY-2348 admits as a matter of Law Plaintiff is entitled to relief, no matter if re-prosecuted legally in 48C06-1709-FY-2348.

See Exhibit-A

The County of Madison tax payor maybe culpable for electing Thomas Newman over 40 years when he was clearly making error in his final years as Courtroom 3. He should have been reported by other Judges.

The responsible party financially to compensate for damages isn't certain. Various educated guesses have been proposed as Defendant's. The Honorable Judges of Federal Court can dismiss most proposed Defendant's, it's likely City-County Counsel, Madison County Board of Commissioner's and the City of Anderson responsible for insurance Policy on Judges. Plaintiff proposes this in good-faith in the interest of Justice. This illegal Tipton County mess, should be billed to Tipton County, but it can't.

# II. PLAINTIFF

3) Derek Boyd, is and was at all times the resident in the State of Indiana mentioned throughout this Complaint. His mailing address if released from IDOC is : 233 N. 13th Street, Apt. 3, Elwood IN 46036.

# III. DEFENDANTS

4) Rodney Cummings, is and was at all times mentioned here in the Chief Deputy Prosecutor of Madison County. Allowing illegal Prosecutions.

5) Courtney Staton, was a deputy prosecutor involved in the illegal conviction herein.

6) Madison County Board of Commissioner's maybe liable as a governoring body of the Political Subdivision for Madison County Circuit Court. It's NOT Clear who is liable here.

7) Madison County's "City - County Counsel" is also being named as a Defendant as they potentially would dispurse tax payer funds for settlement or be the Governing body for Political Subdivision here.



8) City of Anderson is named as a Defendant because Thomas Newman and Prosecutor were in City when Violating Boykin Rights.

9) City of Elwood is named as Municipal entity, since Elwood Police raided house 9-18-17. Resulting in illegal conviction.

10) City of Tipton is named as Municipal entity, since Tipton Police raided house 9-18-17. Resulting in illegal conviction.

11) Tipton County Sheriff's Office - Sheriff Tony Frawley, for procuring an illegal warrant by and through arresting officer Joe Farinella, that lead to this all out of Tipton County. It's not clear who is needed in this lawsuit.

12) Madison County Jail Division ~ Tyler Ugg is named if he is needed for detaining Plaintiff. A lot of these Defendants are unnecessary and need to be in the 2nd lawsuit for the Actual # of day's incarcerated and illegal search and withholding evidence.

13) Tipton County Prosecutor's Office - Jay Rich, for illegally tracking Plaintiff through 80C01-1702-MC-79 and conspiring with Rodney Cummings in this case.



14) Tipton County Sheriff Deputy - Joe Farinella for procuring invalid Search Warrant in Madison County.

15) The Governor of the State of Indiana, Eric Holcomb, is being named as the Civil Rights violations occurred in his state.

16) Renea Walker ; Madison County Probation Officer, is named as culpable for injuries herein, and/or her Office.

17) Madison County Circuit Court named as a Defendant and their Office, and Tipton Circuit Court.

18) Thomas Newman, is named despite Judicial Immunity, for Criminal activity resulting in Violation of Various Constitutional Rights.

19) Madison County Prosecutor Deputy Megan Bolt, is named for coercing illegal involuntary Plea by illegal threat and withholding all exculpatory/all evidence.

20) Each Defendant is sued individually, and in their Official Capacity, and were all acting under Color of State Law. All "City" or "Offices", are held liable under Municipal Monell claims. Other officers involved include Tipton Sheriff deputy Jordan Wiseman, Tipton Police David Lacy, Elwood Police Andy Mcguire.

# IV. FACT'S

31) Plaintiff was illegally imprisoned for 1277 days. On 03-7-2023, Madison County vacated an illegally entered Plea Agreement originally entered under Cause number 48C03-1709-F4-2348 on date October 5, 2018. That Judge was Thomas Newman.

22) The Plea was coerced by Madison County Prosecutor Megan Bolt who was employed by the Chief Madison County Prosecutor Rodney Cummings.

23) Megan Bolt demanded if a Plea wasn't signed to all pending charges on 9-26-2018, she would Amend the Charges to a "Conspiracy to Deal", despite the Plaintiff demanding Trial. Using threats to get Plaintiff's Lawyer to illegally coerce Plea Bargain to something the Plaintiff is innocent of on 9-18-17.
                                                            See Exhibit - B

24) On 10-5-2018, Madison County Circuit Court 3 long-time Judge Thomas Newman failed to advise the Plaintiff of the Constitutional Right of the Privilege against self-incrimination, protected under Boykin v. Alabama, 395. U.S. 238 (1969). It's violated 5th Amendment Rights of U.S. Constitution.

5th Amendment authoritive case law governing accrual of Statute of limitation appears to be located in case "Johnson v. Winstead, 900 F.3d 428," indicating upon Vacatur of the Sentence, a Complete and Present cause exist to file and obtain relief regardless if charges are refiled or subsequent Prosecution is successful.

Furthermore, Conditions of Confinement while you're involuntarily detained can be redressed under U.S.C § 1983 once Vacatur of Sentence has taken place. See "Manuel v. City of Joliet, Ill., 903 F.3d 667 (7th Cir. 2018) ("§ 1983 cannot be used to obtain damages for custody based on a Criminal Conviction — not until the conviction has been set aside by the Judiciary or an executive pardon"; Moore v. Burge, 771 F.3d 444, 446 (7th Cir. 2014) ("a claim that implies the invalidity of a Criminal Conviction does not accrue... until the Conviction is set aside by the Judiciary or the Defendant recieves a Pardon"); Gilbert v. Cook, 512 F.3d 899, 900 (7th Cir. 2008) ("the Plaintiff in an action under 42 U.S.C § 1983 may not pursue a claim for relief that implies the invalidity of a Criminal conviction, unless that conviction has been set aside by Appeal, collateral review, or pardon").

Thomas Newman's failure to apply Boykin Rights caused hundreds of Civil Rights Violations over a 3 ½ year Period and literally millions of dollars damages. Degrading strip searches exposing your Penis and having to show various grown men your butthole at arrival at each facility is Policy. It resulted in illegal search and seizures spanning from RDC, Heritage Trails, IYC, ISF, and back and forth to Madison County Jail for PCR. Causing permanent damages.

This violated 4th Amendment rights against illegal searches and seizure every time this occurred as a "Convicted Prisoner" along with 14th Amendment due process.

Other situation's are detailed in Ombudsman Complaints and Grievances that can verify other specific dates these illegal search of Plaintiffs person, property, and effects took place.

The Boykin Rights Judge Newman failed to advise puts Madison County liable for all identified injury, damage, loss, emotional injury, humiliation, physical injury, described in the fore-going Complaint.

25) On 10-26-2017 Judge Thomas Newman Ordered ALL Exculpatory evidence released in 48C03-1709-F4-2348. The Madison County Prosecutor's Office failed to supply the search warrant or Search Warrant Affidavit through 9-26-18 when Megan Bolt began utilizing the threat to change the Dealing in Meth charge to a "Conspiracy to Deal" if a Plea wasn't signed to charges Plaintiff's innocent of on 9-18-2017.
                                          See Exhibit - B
This is Criminal in nature, fraudulently with holding Court ordered evidence and is illegal tactic's that resulted in this tainted Conviction now Vacated.
                                          See Exhibit - A and B
Courtney Staton was originally the Prosecutor in the case before taking leave and Megan Bolt appearing. The Totality of those circumstances were Kinda explained in 1:20-cv-2287-JRS-DML. The Claim's were barred by Heck in that lawsuit. It can be incorporated herein with vacatur of conviction — partially. The illegal incarceration day's of 3.5 year's can be redressed upon dismissal with prejudice. This was a Malicious Prosecution with Prosecutorial misconduct induced multiple way's to secure the Coerced involuntary plea that was entered illegally.

Madison County Prosecutor Office has been in Contempt of Court for 5½ years not releasing the cases exculpatory evidence. Dismissal pursuant to Trial Rule 4 (C) is proposed if charges are refiled. Prior to 9-26-18 illegal plea, 11 months had elapsed waiting on the State to follow 10-26-17 Order, dissolving almost 1 year off the clock with Plaintiff's fast and Speedy filed multiple times.

It's disputable the States Contempt of Court Counts against 1 year limit of Trial Rule 4 (C), not following Court order release of exculpatory evidence.

It not only means the refiling of charges likely is Futile, it also means they have withheld exculpatory evidence Violating Federal Rights while Coercing by threat illegal Plea.

Additionally, the "Wadle Test", in Supreme Court case "Wadle v. State, 151 N.E. 3d 227 (Ind. 2020)", prevents the charges as charged in this case anyway. It's Double Jeopardy. See Phillips v. State, 174 N.E. 3d 635 (Ind. Ct. App. 2021). The Conviction has been illegal all along.

Rodney Cumming's and his deputy Prosecutor Courtney Staton utilized an illusory Notification upon filing Charging Counts in 48C03-1709-F4-2348.

Despite having NO prior Felony convictions, the Madison County Prosecutor's Office Notified the Court of "Intent to seek Habitual Offender Status," with-out justification. It's Fraud on the Court.

Normally that may not affect due process, but if a 80 year old Judge having memory issues and other issues mentally see this, it discriminates and creates prejudice during due process.

It also could factor into a Judicial Officer repetitevly denying bond like Thomas Newman did 12-21-2017 and 8-11-18 due to an illusory, defamatory, and illegal uncalled for, Notice of seeking Habitual Offender Status, made Public. Creating Undue Influence.

It potentially affect Boykin Rights being skipped by a Judge who is upset a "Habitual Offender," is now being given Plea bargain — like Thomas Newman — who was upset 10-5-18.

26) While illegally detained for almost 3½ years as a "Convicted Prisoner", extensive damages were suffered, the Plaintiff has Kept it very well recorded. Plaintiff will incorporate by reference of various other Lawsuits filed in Indianapolis Division Court Federal Jurisdiction. These lawsuits had emotional trauma and permanent injuries detailed, barred by Prison Litigation Reform Act until 2023 Vacatur of the illegal conviction. Now not "barred by Heck."

27) The conviction also caused irreparable damage, loss, injury based on being the 1st Felony conviction Plaintiff had. Reputational damage to the Boyd name and loss of opportunity on 210 Acres of Farmland Valued at 2.5 million dollars, plus 35 year loss of future income of 95,000.00 per year, and land Value increase of 200.00 to 300.00 per year — per acre. It varies each year obviously.

This alone puts a loss estimated at about 6 to 6.5 million dollars. Plaintiff was adapted by David Boyd — Operator of Boyd Farms, Majority owner of Land, and this pissed him off. Plaintiff had over 25 years time Invested, now in lost opportunity.

The damages to Boyd family name from the illegal conviction can ONLY be remedied by compensation to pay the family top-dollar. David Boyd told Plaintiff a long time ago he was leaving the Farm to Plaintiff because in his words Plaintiff "is the only one that's ever shown interest in it," clear back to childhood.

Of Course after the Madison County Arrest sent information to News Channels "large Meth dealer arrested in Elwood," David Boyd was irate for in his words "Running my name through the mud."

Indiana Constitution Article I, § 12 due process Clause states, "Where all Courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due coarse of Law. Justice shall be administered freely, and without purchase, Completely, and without denial; speedily, and without delay."

The Coerced involuntary conviction vacated, destroyed the "No Felony Record" Plaintiff had, and ruined his reputation. Paying for the land and future income on the last opportunity is justifiable, and due, in accordance with State and Federal Law.

28) The illegal conviction has strained the relationship with the Plaintiff's Mother. She has financially helped with about 50.00 per month to allow communication with Plaintiff's Kids and siblings by phone as she is on limited income. Causing Stress and hardships and 3.5 years time that cant be bought back due to Madison Counties action and inaction in this Illegal conviction. She has had Heart problems as all this has went on and blood clots, breathing issues with Covid-19, caused Plaintiff unexplainable worry not Knowing if he could ever repay or see his Mother again. This is priceless...

29) Lex Boyd, Plaintiff's Uncle, business partner of David Boyd, who Co-operated Boyd Farms with David Since 1972, died in 2020. Plaintiff learned alot about the agronomy side of Farming from Lex and missing his Funeral and last 2 years in the fields with him is not able to be bought back. A price cant be put on this loss. 2 million dollars to buy and restore his 1889 Italian Victorian house [Historical cite] back to Original specs proposed.

30) The Plaintiff has suffered irreparable damage, loss and injury with the illegal conviction by deteriating the relationship with his children Emma-Jeane Rose Boyd who is now 8, and Noah David-Franklin Greene, who is 18. Neither child has seen their Father for over 4 years and money wouldn't be able to repair the damages caused by Madison County's illegal conviction. Money cant buy back time, nor correct this wrong by now apologizing. The damages here are staggering to put a number on as a Parent who loves his children. 10 million dollars wont fully fix Madison County's illegal conviction and coerced by threat Plea, but would help prepare my children for other aspects of life and allow their Father to prepare Trust Funds for them. Among other things.

31) Other friends and Family have died since being illegally convicted. Like Jason Cox who owned these drugs located in his house. Plaintiff has spent 4 years in Prison over. Now the State cant allow Plaintiff his Cross-examination to dispute the drugs found in Jasons house.

Other relationships completely deteriated because of this illegal Plea. Both of Plaintiff's children have their Mother's humiliated and not communicating to a "Meth Dealer," and "Prisoner."

Plaintiff's daughter Emma-deane Rose Boyd, her Mom, Tricia Depinet, indicated in 2020 in April, "No-body really cares about Prisoner's, when discussing Covid-19 in Prison and she stopped allowing communication with in April 2020 Emma-deane for "legal talk", trying to explain to Tricia the crime wasn't committed Plaintiff was forced to illegally involuntarily Plead Guilty to. This cant be un-done...

The Arrest also initially was publicized on News Local Channel's labeling Plaintiff as "Large Meth Dealer Arrested," despite ZERO controlled buy's or any form Meth Ever found on Plaintiff's person. Reputational damages.

Tricia Depinet sold 240 Acres of Farmland Plaintiff had Farmed for 5 years in 2018, creating more loss of opportunity on Plaintiff, and she moved to Georgia with Emma. A lot of it had to do with the reputational damages these frivolous Charges and illegal Conviction created.

32) Upon illegal conviction, Madison County immediately began unnecessary harassment on home detention despite the fact it was transferred to Marion County. Renea Walker of Madison County Probation schedualed 4 Urine screens in 15 days at Eric Hooch's sub-contracted Indianapolis home detention services. Plaintiff passed all urine screens, but was late to the last one and Renea violated house arrest that was supposed to have the Sanctioning authority also transfered to Madison County. This illegal Sentence was violated 11-26-18.

33) The emotional trauma as an illegally Jail detained "Convicted Prisoner," is outlined in detail in 1:21-cv-2316-JRS-MJD. See Document 84. That began 9-19-19 when requesting Health Care and Counseling and apparently since Plaintiff was no longer a "Pre-Trial Detainee," Madison County Jail decided to completely ignore pleas for Mental Health Care and for physical injuries partially being litigated in the 2316. lawsuit. Plaintiff's very hurt emotionally.

34) Madison County shipped this Plaintiff to RDC Prison on 10-18-19 injured failing to report to IDOC he had begged for Health Care for a month.

It's presumed having less rights as a "convicted Prisoner," not having as protection 14th Amendment any longer as Pre-Trial detainee, caused discrimination.

This all caused extensive emotional damage that now can be litigated as an illegal conviction.

35) Unnecessary hardship's were documented all through out the duration of IDOC Sentence. Record's began through Grievance Procedure in IDOC January 2020 with IDOC illegally searching legal mail between Counsel and causing emotional distress.

36) Ombudsman Bureau began documenting the IDOC Negligence and reckless handling of various issues through out the course of this illegal conviction. It's estimated 175 plus Complaints have been Submitted that will be supplied to the Summary Judgment Plaintiff is going to file herein.

37) The next trauma to incorporate into this
is documented in 1:20-cv-1844-TWP-TAB.
Plaintiff was seriously injured by Covid-19
and tested positive by a PCR test 5-7-2020.

Though granted Summary Judgment on all 8th
Amendment Claims, the State of Indiana now
is liable under 14th Amendment Claims for the
emotional damages, entire litigation process in the
1844 case, physical injuries suffered. Plaintiff
had trouble breathing for months, and lost 40
pounds from 228 down to 190 due to conditions
of illegal confinement and Covid-19. Causing permanent damages.

38) While exposing Heritage Trails blatent
disregard for human life in the 1844 case, their
Internal Affairs Ryan Patton began watching
Plaintiff for making Public actual conditions in
the Prison. Ryan caused permanent emotional injuries.

39) On 5-29-2020, PREA was filed on a
Officer Byrd, who came harassing Plaintiff looking
in Shower 10 minutes before count. At H.I.C.F.
This is proposed as an illegal search and seizure.

40) The 5-29-2020 event spawned chain reaction of procedure when PREA is filed. Voyeurism is a form of PREA, and Plaintiff Should not have been there on an illegal conviction 5-29-2020 to be harassed Naked, and the entire situation caused extreme and officially sanctioned psychological harm, permanent emotional injuries that can be redressed now that the illegal conviction's Vacated. Incorporate this herein.

41) Heritage Trail continued their Retaliation for making Public 1844 lawsuit condition's. In Case 1:20-cv-1927-TWP-DML, alot of the unnecessary hardship's were documented. Though granted Summary Judgment for Defendants, now that it's verified the conviction's illegal, case 1:20-cv-1927-TWP-DML is incorporated into this to recover emotional damages and all hardship's having to proceed as a Pro-se Prisoner while illegally convicted. It's now no longer barred by P.L.R.A. to redress under 14th Amendment. ALL pro-se cost, in ALL lawsuits incorporated, is demanded.

42) Though not as traumatizing, Plaintiff had issues with Ryan Patton in dismissed case 1:20-cv-1845-JMS-TAB. Incorporate the unnecessary hardship's having legal mail he confiscated and the fact Plaintiff should not have been there to have been harassed and subjected to condition's with illegal Plea bargain's. These condition's were documented and now requested to proceed under 14th Amendment Claim's.

43) Plaintiff was transfered with a frivolous Conduct report 7-24-2020 to IYC. It caused defamation of character and hardships because Heritage Trail and Ryan Patton wanted the Plaintiff gone. Issues Madison County has caused by coercing an illegal Plea and sending Plaintiff to Prison. Or 4 Prison's. We will get to the 4 Prison shortly. They were HTCF/IYC/ISF, and RDC.

44) On 10-28-2020, IYC had Plaintiff Cell housed with H.I.V. Positive Kevin Bonjour, who had been master baiting in our cell. 2 man Cell.

45) Kevin Bonjour endulged in IYC vast staff supply of drugs and rarely showered. When returning from Law Library 10-26-20, Kevin thought since Plaintiff was late it would be a good time to beat-off in the 2 man Cell. During Count.

Plaintiff had to go in with very bad stench, where Kevin was on-going master baiting squirting AIDS infested semen into the living area. Issues Madison county caused illegally convicting Plaintiff with a coerced illegal plea. It's very traumatizing.

46) 10-28-2020, Plaintiff "Checked-out" of cell with Kevin Bonjour in fear of contracting a life-threatening Virus from one of Kevin's tattoo needles. Causing unnecessary emotional trauma had Madison County not illegally sent Plaintiff to IDOC. This caused IYC staff to then lock-up Plaintiff to investigate why "checking-out" occurred. IYC staff supply of illegal drug's do cause most "Check-in's", because the user's end up owing debt they can't pay. This situation's different.

47) IYC strategy for trying to get the "check-ins" to talk, is they lock them up into administrative segregation, taking all property for around 90 to 120 days. Giving an appearance of propriety to outside sources in a way, but also punishing these "check-ins" that didn't pay their debt for staff supply of drugs. Most visitation was halted in 2020 and 2021 due to Covid-19, but drug supply didn't stop at IYC.

48) Ms. Feeney was who managed the unit "Check-ins" were held and who determined who could go back to population. She decided to confiscate Plaintiff's shower shoes and all property in December 2020 preventing 3-day a week showering administrative Seg allows. She scheduled a drug screen after Plaintiff hadn't been able to shower for 6 days trying to humiliate and degrade Plaintiff exposing genitals that hadn't been cleaned for a week. Other injury issues during this lock-up for "checking in" are incorporated from 1:20-cv-3126-JPH-TAB.

49) Plaintiff began to work for Aramark 2-5-2021 at IYC. While on the clock on 4-5-2021, permanent damages to Plaintiff's body occurred resulting in broken bone and serious lower back injury. The physical injuries are being litigated in 1:21-cv-3082-JRS-MPB, and state law theories of IIED, Negligence and Medical Malpractice. However, those are proceeding under 8th Amendment Claims. Please incorporate the 3082 lawsuit and its Amended Complaint herein, under 14th Amendment Claims.

That had nothing to do with 14th Amendment Claims now able to proceed with vacatur of illegal conviction. The entirety of 4-5-21 incident is detailed in 1:21-cv-2359-SEB-DML, it's hereby incorporated as damage, loss, injury's that Madison County is liable for under 14th Amendment Claims. It caused extensive emotional injuries also.

These are permanent damages in 2359/3082 lawsuits. The Judge had severed 2359 Lawsuit.

50) On 11-2-2021, a Gay staff member demanded to "Blow me", and Plaintiff was very emotionally hurt. It's being litigated in a way in 1:22-cv-3-URS-TAB. Incorporate the entire case filing's or what's necessary.

The situation in that case differ's from these 14th Amendment Claim's now able to proceed since Madison County illegally had Plaintiff at IYC on 11-2-21 and 12-15-21 when an A-Conduct report issued. The Emotional injury trauma now isn't barred by P.L.R.A and is able to proceed under 14th Amendment due process claim's herein. None of 1:22-cv-3 Grievances were filed by IYC.

51) The 11-2-21 event spawned the unprofessional harassment in 1:21-cv-2970-RLY-DML. Staging confrontation's by IYC staff Richard Gaskin-I/I Supervisor, and Grievance Specialist Jeremy Jones. Incorporate the 2970 Complaint into here, it now can proceed under 14th Amendment claim's against Madison County, for emotional trauma.

52) The IYC staff Sergeant Spurgeon was supplying the RWI, PLUS and SNAP Units with hundreds of thousands of dollars worth of drugs detailed in 1:21-cv-3039-UPH-DML. Grievances were filed concerning ingestion of the drugs being smoked in the Units.

IYC Grievance Specialist Jeremy Jones issued Conduct Report IYC-21-12-0103 for reporting staff drug trafficking, and IYC used the unnumbered "Returned" Grievance to find Plaintiff guilty. Punishing Plaintiff for using protected 1st Amendment Activity. DHB hearing report found guilty with "Grievance Paperwork", yet it wasn't filed in system to document. Now those claims are no longer barred to seek relief on with vacatur of conviction. A seperate New lawsuit will pursue on Jeremy Jones, Final Reviewing Authority Matthew Brown for IYC 21-12-0103. However, incorporate 1:21-cv-3039-UPH-DML as 14th Amendment claims for emotional distress and injury can proceed against Madison County herein.

53) While illegally convicted and incarcerated in the IDOC, numerous "Rule Violations" did occur resulting in Conduct Reports. Other then these IYC-21-12-0103 and IYC-21-12-0160 and IYC-22-04-0122, all other conduct Reports were challenged in Habeas Corpus.

The 0103, 0160 and 0122 conduct reports will be litigated individually due to Criminal conduct by IYC staff and Central Office Final Reviewing Authority Matthew Brown.

However the following Habeas Corpus cases and the individual Conduct reports found Guilty of are now Exhausted and are hereby incorporated into this lawsuit for Madison County to compensate for. They are:

    1:20-cv-2567-SEB-MKK ;
    1:20-cv-2799-TWP-TAB ;
    1:21-cv-1664-SEB-         ; and
    1:21-cv-1769-SEB-MJD.

These are a result of Madison County's illegal conviction. There were other "C-Conduct" reports - causing injuries.

54) IYC then began the "take-out" drive-thru food services in January 2022 that caused filthy conditions to get much worse. Now were ingesting all Aramark Food in IYC open dorms where drugs are smoked on camera all day long. Causing permanent injuries.

Please incorporate 1:22-cv-634-JRS-MPB relevant portions into here. The documentation in that lawsuit, and injuries under 8th Amendment Conditions of Confinement, and State Law theories of Negligence and I I E D, are relevant to being illegally detained by an illegal plea entered by Madison County. Yet they are different Claims.

The 14th Amendment Claims proposed herein against Madison County are now able to proceed for emotional trauma and breathing problems being treated like Smart Farm "drive-thru" animals caused disclosed in the 634 lawsuit.

Madison County is liable for illegally convicting the Plaintiff and sending him into these depraved conditions

55) Another traumatizing issue at IYC Madison County can be expected to compensate for is Cold Shower Water From August 2021 to September 2022. After having the inmate population illegally paint over toxic black mold in Shower Area's Competing for a Pizza party before Health inspection 8-16-2021, IYC then left the Hot water off to prevent thriving condition's for black Mold. It all caused permanent damages.

56) IYC has not had Exhaust fan's running to vent sewer gas, drug smoke, pesticides in the living area's causing Health issues and emotional trauma. Easy to verify in Cold weather — none. of the vast Exhaust fan's expelling heat.

57) Plaintiff was attacked by Cellmate twice while Ms. Feeney had him in Administrative Seg. A Conduct Report for Fighting was issued in December 2020. Bodily injury took place cutting the Plaintiff's hand. The 2nd attack Plaintiff had a rope/nuise wrapped around his neck. Causing emotional injuries. This caused permanent scarring and physical injuries.

58) On 5-5-2022, IYC applied pesticides into the living area Plaintiff was housed in so the carry-out "drive-thru" Aramark Food Services food would be safer to consume in Units. It's part of the incorporated 1:22-cv-634 lawsuit.

The pesticide ingestion and exposure applied by an unlicensed IYC staff member gets an Honorable mention here any way. It's admitted on Grievances.

59) Also on 5-5-2022, IYC exposed the Plaintiff to Asbestos as documented in the Amended Complaint of 1:22-cv-634 lawsuit.

The exposure was deliberate indifference by IYC staff who knew from prior demolision what it was. It's confirmed in Grievances # 142,259.

The 8th Amendment Claim's in 634 lawsuit are not relevant to 14th Amendment Claim's now able to proceed against Madison County for illegally sending Plaintiff to IYC to be exposed to Asbestos and Pesticides. These both caused permanent damages.

60) On 4-28-2022, IYC Staff Susan Bernard struck the Plaintiff in the face with his wadded up legal documents in an angry manner. The situation got paper into Plaintiff's eye causing injury documented in 1:22-cv-877-SEB-TAB. It was humiliating. Please incorporate that 877 Lawsuit herein. The 8th Amendment claim's unable to proceed in it, certainly can here in this lawsuit under 14th Amendment Claim's since Madison County is liable for emotional trauma that is now not barred by P.L.R.A., or by Heck.

61) Those referenced lawsuit's concludes damages at IYC except Smearing the illegal conviction in Deposition's for 1:20-cv-1844, it's also mentioned in case 1:20-cv-1927 Summary Judgment, in case 1:20-cv-1257 Summary Judgment, and in many places in 1:20-CV-1256-TWP-TAB. Adding to the irreparable reputational damages Madison County caused illegally convicting Plaintiff.

62) Transfer did occur from I.Y.C on 10-26-2022 to ISF Prison in Putnamville. Causing hardship's that come with Facility Transfers. Madison County is being held liable for the emotional trauma and undue hardship's this caused since the conviction's illegal.

63) Upon arrival at ISF, the Kosher diet Plaintiff had been on since 6-29-2022 was halted. Interfering with religious diet practices that Plaintiff would not be going through in Prison had Madison County not sent Plaintiff here illegally. It's documented on Grievances that will be attached to the Plaintiff's Summary Judgment.

64) At ISF, the idiotic unsanitary practice of carry-out food service began when I.Y.C stopped doing it in June 2022. Plaintiff got sick multiple times from unsafe practices and it is being litigated in 1:22-cv-552-JPH-MKK. Please incorporate that lawsuit herein.

65) In 2-22-cv-552-UPH-MKK it is in Terre Haute Division of Federal Court Jurisdiction in the State of Indiana.

The 8th Amendment Claim's proceeding with State Law theories of I.I.E.D. and Negligence, are different then 14th Amendment due process Claim's now presented with the vacatur of conviction 48C03-1709-F4-2348.

All emotional damage and unnecessary hardships the coerced illegal Plea caused, can be redressed and isn't barred by the P.L.R.A any longer. Madison County is being held liable for damages disclosed in the 2:22-cv-552-UPH-MKK lawsuit hereby incorporated in this lawsuit only under 14th Amendment Claim's and for 1st Amendment Religious Claim's. The Court of Indianapolis Division of Federal Jurisdiction is proper because had Madison County not illegally sent Plaintiff to IDOC with a coerced Guilty Plea, he wouldn't be in Putnamville being injured.

66) This all really is Tipton County doing as the Arresting Officer was Tipton Sheriff Deputy Joe Farinella, it's explained in 1:20-cv-1256-TWP-TAB and it's document 84. It explains the Campaign of harassment in 5 Counties Tipton County Prosecutor Jay Rich and the Tipton Sheriff's Office engaged in trying to build a case off of 80C01-1702-F5-88. It was dismissed with prejudice by Tipton Judge Thomas Lett before he had to Rule on whether the Warrant was illegal he allegedly authorized to forcefully enter the Plaintiff's house. Very illegal activity protected by Judicial immunity and the entire case 1:20-cv-1256-TWP-TAB had to be litigated prose smearing this illegal "dealing" conviction in it Madison County created.

The Honorable Tanya Walton Pratt determined all the illegal activity justifiable and Granted Tipton Defendants Summary Judgment Smearing this illegal conviction in her 1256 cases various rulings. Madison County is being held liable for that negative influence on the Honorable Judge Pratt. Please incorporate this trauma into this Lawsuit. Reputational damages and negative Publicity

67) The identified Cities are being held accountable for Monell Municipal liability for allowing the Law enforcement operating out of the City to violate Civil Rights. Some-one has to be legally responsible for illegal tactics and injury caused by these Offices, Police Department's, and Prosecutor's.

In 2017, Indiana began allowing State Police like Authority and Jurisdiction to Sheriff Offices and their Deputy. The Tipton County/Madison County and Hamilton County "DTF" or Drug Task Force, all joined as a partnership. This was one of the 1st Arrest with that newly passed law.

Tipton County extending their jurisdiction and its end resulting a Campaign of harassment spread over 5 Counties in Indiana as their elected Official's open under-lying cases illegally obtaining Cellular Search Warrant's through the Prosecutor's Office BEFORE Criminal Charges are filed. It's not legal. See 80C01-1702-MC-79, then 80C01-1702-F5-88. See 80C01-1903-MC-90, then 80C01-1903-F5-100. It's very illegal.

68) What makes all this much more traumatizing then normal the Jury and Honorable Judges need to understand, is Plaintiff is diagnozed Emotionally handicap. The issues "Normal" Prisoner's go through incarcerated, can't be compared to some-one innocent of the crime illegally detained, who has diagnozed issues.

This is the reason Special Education was used for multiple year's to address the Emotional handicap Plaintiff suffer's. Provided care while wrongfully convicted failed to adequately provide needed Health Care some-one with "Special need's" requires. It is documented in Pre-Sentence investigation PTSD and Mental Health was bad on 10-18-2018, Judge Newman should not have allowed Sentencing 10-19-2018 without ordering Mental Health examination.

When considering the Totality of the Circumstances and all damage, loss and injury, the Court and Jury need to factor in these mitigating circumstances and understand Plaintiff will never go back to "Normal" because there is Health issues that wont allow it.

# VI. EXHAUSTION OF LEGAL REMEDIES

69) Legal remedy was exhausted upon vacatur of the involuntary conviction in 48C06-1907-PC-37 invalidating Sentence from 48C03-1709-F4-2348.

# VII. LEGAL CLAIMS

70) The following legal claim's are proposed on each applicable named Defendant:

* Monell Municipal liability on all identified City's, Offices and applicable Defendants;

* State Law Claim's of IIED, Negligence, Defamation of Character, Reputational damages; Malicious Prosecution;

* Withholding Exculpatory and inculpatory evidence Violating Fourteenth Amendment Due Process — Ordered Released by Court 10-26-2017 in 48C03-1709-F4-2348;

* Deprivation of life, liberty, property over 1274 plus day's by Coerced involuntary Confession resulting in injury's physically, emotionally, causing permanent damages in Prison in violation of 5th and 14th Amendment; Reputational damages;

* 5th Amendment Right's against Compulsory Self incrimination;

* 4th Amendment illegal search and seizures as illegally convicted Prisoner for 1277 day's at 4 Prison's and in multiple Jails "Convicted;

- Coerced a false confession from Derek Lee Boyd in Violation of Fifth and Fourteenth Amendments;

- Coerced a false confession from Derek Lee Boyd in Violation of due process rights under the Fourteenth Amendment;

- Maliciously Prosecuted Derek Lee Boyd, depriving him of liberty without probable cause [on multiple charges] in Violation of Fourth and Fourteenth Amendments;

- Deprived Derek Lee Boyd of his Right to a fair Trial, his right not to be wrongfully convicted and his Right to be free of involuntary confinement and servitude in Violation of the Thirteenth and Fourteenth Amendments;

- Failure to intervene as their fellow officers violated Derek Lee Boyd's Civil Rights;

- All identified City's maintain unlawful policies, practices, and customs, leading to Derek Lee Boyd's wrongful conviction and imprisonment in violation of Section 1983. Out of Jurisdiction County Law Deputy's and City Police from Tipton County framed Derek in Madison County.

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and his non-party children pray the Judge and Court Order:

71) That the acts and omissions described herein violate his Rights Under the U.S. Constitution.

72) Grant Compensatory damages both jointly and severally against each Defendant in the amount of $20,000,000.00 . . .

73) Grant Punitive damages both jointly and severally against all Defendants in the amount determined by a Jury.

74) Plaintiff demands a Trial by Jury on all issues that are triable.

75) Grant recovery of all cost of the lawsuit. This should include $50.00 hour for all pro-se legal work.

76) All other relief the Honorable Judge deems just, equitable and appropriate.

77) Therapy for life, if needed, is also requested.

# VIII. VERIFICATION

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature) _Derek Lee Boyd_     date _3 - 8 -2023_

Verification

I, _Derek Lee Boyd_, Plaintiff do herein verify that all the foregoing representations are true, correct and complete, to the best of my informed knowledge and belief. Done in accordance with Title 28 USC § 1746 (1) 'Without the United States'.

Executed This Day _8_ of _March_ 2023.

CERTIFICATE OF SERVICE

I, Derek Boyd, Certify a Copy of these documents were mailed or E-Filed to all party on the above date.

/S/By: _Derek Lee Boyd_

Plaintiff _Derek Lee Boyd_